## UNITED STATES v. KERR.*

No. 8641.

Circuit Court of Appeals, Ninth Circuit.

April 2, 1938.

*Rehearing denied May 3, 1938.

Benjamin Harrison, U. S. Atty., and Ernest D. Fooks, Atty., Department of Justice, both of Los Angeles, Cal., and Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett, Fendall Marbury, and N. A. Townsend, Sp. Assts. to the Atty. Gen., for the United States.

Sanders & La Motte, of San Diego, Cal., for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, Harry H. Kerr, brought this action against appellant, the United States, under section 19 of the World War Veterans' Act 1924, as amended,[1] 38 U.S.C.A. § 445, on a claim for disability benefits under a contract of yearly renewable term insurance granted to appellee under section 400 of the Act of September 2, 1914, 38 Stat. 711, as added by section 2 of the Act of October 6, 1917, c. 105, 40 Stat. 398, 409.

The contract became effective on February 12, 1918, while appellee was employed in active service in the United States Navy. Premiums thereon were paid up to and including the premium for June, 1925. None was paid thereafter. Consequently, the contract lapsed on July 31, 1925, unless, as claimed in appellee's petition, he had become and was on that date permanently and totally disabled. Appellant's answer denies that such disability existed, and asserts, therefore, that nothing is due or owing to appellee under the contract.

At the conclusion of all the evidence, appellant moved for a directed verdict in its favor, on the ground that there was no substantial evidence that appellee was permanently and totally disabled at any time while the contract was in effect. The motion was denied, and appellant excepted. The jury returned a verdict in appellee's favor. From the judgment thereon, this appeal is prosecuted.

Appellant assigns as error the denial of its motion for a directed verdict. The assignment is well taken. There is evidence that on March 28, 1919, while in a naval training camp, appellee received an injury necessitating the amputation of four fingers of his left hand, and was thereby permanently and partially disabled, and that, at various times while the contract was in force, he suffered illnesses which temporarily and totally disabled him, but there is no evidence that he became or was on July 31, 1925, permanently and totally disabled.

On the contrary, it appears from appellee's own testimony that he was able to, and did thereafter, at various times and for long periods, follow continuously several substantially gainful occupations. For example, it appears that, in 1925 and 1926 and between 1928 and 1932, appellee worked for his father, a roofing contractor, supervising the work of other employees, and received as wages therefor from $1 to $3 a day, the total amount thus earned being approximately $800; that from November, 1926, to August, 1928, appellee was employed by the city of San Diego as a playground director, receiving for his services a salary of $100 a month; that at various times between 1930 and 1935, he worked as a laborer in the San Diego post office, receiving therefore sometimes 50, sometimes 55, cents an hour, the total amount thus earned being approximately $515; that he worked as a laborer on various state and government projects (SERA, WPA, etc.) from 1933 to 1937; and that from February or March, 1936, to January, 1937, he worked on a "Federal Art Project," receiving for the first few months a salary of $94 a month and thereafter $85 a month.

In view of this work record, it cannot be said that appellee was permanently and totally disabled on July 31, 1925. Lumbra v. United States, 290 U.S. 551, 560, 54 S.Ct. 272, 276, 78 L.Ed. 492; United States v. Spaulding, 293 U.S. 498, 505, 55 S.Ct. 273, 276, 79 L.Ed. 617; Miller v. United States, 294 U.S. 435, 440, 55 S. Ct. 440, 442, 79 L.Ed. 977.

Appellant's motion for a directed verdict should have been granted.

Judgment reversed.

---

[1] 43 Stat. 612, 1302; 45 Stat. 964; 46 Stat. 992, 1016; 48 Stat. 926; 49 Stat. 1921.